IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL CASE NO. 5:12cv137

| | |
|---|---|
| RAYFORD LEWIS BURKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KENNETH E. LASSITER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Rayford Lewis Burke's Motion to Hold Federal Habeas Proceedings in Abeyance Pending Exhaustion of State Remedies. (ECF No. 4.) The Motion relates to a motion for appropriate relief that Petitioner filed in 2010 in the Superior Court of Iredell County pursuant to the North Carolina Racial Justice Act.

PROCEDURAL HISTORY

Petitioner was convicted of first-degree murder and sentenced to death in the Superior Court of Iredell County, North Carolina, in 1993. His conviction and death sentence were affirmed by the North Carolina Supreme Court. State v. Burke, 469 S.E.2d 901 (N.C.), cert. denied, Burke v. North Carolina, 519 U.S. 1013 (1996).

Petitioner's post-conviction counsel filed a Motion for Appropriate Relief on his behalf in the Superior Court of Iredell County on November 25, 1997. While the Motion was pending, North Carolina enacted the Racial Justice Act ("RJA"), which provided that an inmate who has been sentenced to death shall be resentenced to life imprisonment without the possibility of parole, "[i]f the court finds that race was a significant factor in decisions to seek or impose the

sentence of death in the defendant's case at the time the death sentence was sought or imposed." N.C. Gen. Stat. § 15A-2011(g) (2012).[1] On August 6, 2010, post-conviction counsel filed a freestanding Motion for Appropriate Relief ("MAR") pursuant to the RJA in the Superior Court of Iredell County.

On December 6, 2011, the post-conviction court denied Petitioner's original MAR, and the North Carolina Supreme Court denied his Petition for Writ of Certiorari on August 23, 2012, State v. Burke, 731 S.E.2d 138 (N.C. 2012). On August 31, 2012, post-conviction counsel filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on Petitioners behalf. (ECF No. 1.) Counsel also filed the instant motion to hold habeas proceedings in abeyance pending resolution in state court of Petitioner's MAR filed pursuant to the RJA. (ECF No. 4.) On June 19, 2013, North Carolina repealed the RJA.

## DISCUSSION

Petitioner argues that, as a matter of comity, this Court should stay his federal habeas proceedings in order to afford the North Carolina courts an adequate opportunity to consider the errors alleged in his RJA MAR. (Motion 4, ECF No. 4.) The doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rhines v. Weber, 544 U.S. 269, 274 (2005).

Repeal of the RJA, however, leaves the future of Petitioner's MAR in doubt. It is likely that the North Carolina courts will have to determine whether the repeal applies to those MARs that were filed prior to the Act's repeal, a process which could take a year or more. While Petitioner could argue that principles of comity remain relevant because he may have a

---

[1] The Racial Justice Act was amended in 2012, and Petitioner filed an amendment to his MAR to conform to the amended RJA.

2

cognizable due process claim if the state supreme court determines that the repeal applies retroactively, the possibility that Petitioner may have a cognizable constitutional claim at some undetermined point in the future fails to warrant further delay in his habeas proceedings.

Additionally, holding these habeas proceedings in abeyance would "frustrate[ ] the Anti–Terrorism and Effective Death Penalty Act's ("AEDPA")] objective[s] of encouraging finality [and] . . . streamlining federal habeas proceedings." Rhines, 544 U.S. at 277. Petitioner has not raised a claim in his federal habeas petition that racial discrimination played a constitutionally-prohibited role in either his conviction or death sentence. Consequently, resolution of Petitioner's claim(s) under the RJA is not necessary to exhaust any of his federal habeas claims. Cf. Rhines, 544 U.S. at 277 (holding that district court has discretion to stay a mixed petition to allow a petitioner to exhaust claims in the state court and then return to federal court for review of his perfected petition). Furthermore, the RJA allows only for the commutation of a death sentence to one of life in prison without the possibility of parole. Therefore, this Court still will have to review Petitioner's habeas claims challenging his conviction, regardless of the outcome of the RJA-related proceedings in state court.

Petitioner points out that the United States Court of Appeals for the Fourth Circuit has stayed the appeals of three petitioners who have RJA claims pending in state courts. The Fourth Circuit decisions, which were made prior to the Act's repeal, "are summary orders issued by the Clerk of Court, without explanation, in cases that were already on appeal. Thus, they provide no direct guidance as to the reasons they were entered other than that the court granted relief '[u]pon consideration of the submissions relative to the motion.'" Hurst v. Lassiter, No. 1:10CV725, 2013 WL 1338862, at *2 (M.D.N.C. May 31, 2013) (denying petitioner's second motion to stay § 2254 proceedings pending resolution of his RJA claims in state court) (citations omitted).

Additionally, in two of the cases the petitioner raised either a federal constitutional claim pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), or a Batson-related ineffective assistance of counsel claim in his habeas petition. See Forte v. Lassiter, No. 12-3 (4th Cir.), ECF No. 18-1; Harden v. Lassiter, No. 11-8 (4th Cir.), ECF Nos. 21, 46. In the third, the habeas petition challenged only Petitioner's death sentence. Morgan v. Branker, No. 109cv416 (W.D.N.C. filed Nov. 13, 2009), ECF No. 1. Favorable resolution of the petitioners' jury selection claims in their RJA MARs could moot their federal Batson and Batson-related claims, or, in the case of Morgan, the entire habeas petition. As indicated previously, Petitioner has neither asserted a Batson claim in his habeas petition nor challenged only his death sentence. Consequently, "comity concerns are substantially lessened." Hurst, 2013 WL 1338862, at *2.

## CONCLUSION

Petitioner has failed to show that this Court should stay and abey proceedings related to his Petition for Writ of Habeas Corpus until after he completes litigation in state court of his claims under the RJA.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Hold Federal Habeas Proceedings in Abeyance Pending Exhaustion of State Remedies (ECF No. 4) is **DENIED**.

Signed: July 18, 2013

Richard L. Voorhees
United States District Judge

4